

Proskauer Rose LLP   Eleven Times Square   New York, NY 10036-8299

April 13, 2015

Jennifer R. Scullion
Member of the Firm
d 212.969.3655
f 212.969.2900
jscullion@proskauer.com
www.proskauer.com

By ECF

Honorable Thomas P. Griesa
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   04cv400; 04cv401; 04cv506; 04cv936; 04cv937; 04cv1085; 04cv2117; 04cv2118

Dear Judge Griesa:

    We write to briefly respond to the Republic's April 7, 2015 letter.

    The motions for Preliminary *Pari Passu* Injunctions in the above class actions were filed and fully briefed last Fall. On March 26, 2015, we wrote simply to note that those motions are still pending and to suggest that they be decided along with the "me too" motions in NML and other cases concerning *pari passu* rights.

    Nothing in our one paragraph scheduling letter remotely invited or warranted the Republic's three-page re-argument on the merits. On the plus side, there really is nothing new. The Republic largely repeats the same, meritless arguments it has made previously in this case and others. The Court may find our responses to the Republic's arguments in our September 12, 2014 Reply brief.

    The one point we do wish to clarify—because the Republic confuses it—is that the class motions seek only preliminary injunctive relief to preserve rights while, among other things, the class certification process moves forward. If the Republic's appeal succeeds, the preliminary injunctions can be amended to apply solely to the remaining plaintiffs. And potential opt outs cannot be harmed by having rights preserved before the opt out process takes place. But we believe it is neither fair nor efficient for the Court to declare the rights of the "me too" *pari passu* movants and leave the classes out.

Respectfully submitted,

Jennifer R. Scullion

cc by ECF:   Counsel of Record